OPPER v. DAVEGA.

(Supreme Court, Appellate Division, First Department. December 7, 1906.)

NUISANCE—ACTIONS—TRIAL—BASIS OF RECOVERY—NEGLIGENCE.

> Where an action against a landlord and his tenant for injuries sustained by a pedestrian who fell into a cellarway while it was uncovered was tried and submitted to the jury on the theory that the cellarway was a nuisance, plaintiff could not recover on the theory that the tenant was negligent, even though the evidence might sustain such finding.

Appeal from Trial Term, New York County.

Action by Emma Opper, administratrix, against Isaac Davega. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before McLAUGHLIN, INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

David Tim, for appellant.

Thomas J. O'Neill, for respondent.

INGRAHAM, J. The case was tried upon the theory that the two defendants, landlord and tenant, were maintaining a nuisance, and that, as a result of that nuisance, plaintiff's intestate was injured. The court expressly charged the jury that the action was based upon a nuisance, and that it was not necessary, therefore, for the plaintiff to show lack of contributory negligence on the part of the deceased. To sustain this judgment, based as it was upon the maintenance of a nuisance, there must be evidence which would justify a finding that the defendants or one of them did maintain such nuisance. At the end of the plaintiff's case, this defendant moved to dismiss the complaint, which motion was denied and an exception taken. The motion was renewed at the end of the whole case and again denied, and this defendant again duly excepted. I think these exceptions present the question as to whether there was any evidence to justify a finding that these defendants, on either of them, maintained a nuisance upon the premises. For the

reasons stated in the appeal of the landlord from a judgment against him, and which is decided herewith, I think there was no evidence which justified a finding that either did maintain a nuisance. The utmost that can be said is that the tenant would have been liable if he negligently used this cellarway, and, in consequence of such negligence, the plaintiff's intestate met with the injuries which resulted in his death. That question, however, was not submitted to the jury, nor was the action tried upon any such theory. The case having been tried upon the charge of maintaining a nuisance, it cannot be sustained even if we should hold that the jury might have found upon the evidence that this defendant was guilty of negligence.

I think, therefore, that the judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

McLAUGHLIN, J., concurs. CLARKE, HOUGHTON and SCOTT, JJ., concur in result.